JS 44 (Rev. 06/17)   MSG

# CIVIL COVER SHEET

19-cv-3552

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Elizabeth M. Ray
U.S. Attorney's Office for the Eastern District of Pennsylvania,
615 Chestnut St, Suite 1250, Philadelphia, PA 19106

## DEFENDANTS
Eleven Thousand and Forty-Five Dollars in United States Currency

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Mythri Jayaraman, Esq.
The Federal Community Defender Office
The Curtis Center, 601 Walnut Street, Suite 540, Phila, PA 19106

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)
Brief description of cause:
Civil asset forfeiture for drug-related seizure of property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Mitchell S. Goldberg
DOCKET NUMBER 18-CR-592

DATE: 08/06/2019
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

19-3552

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Address of Defendant: _____

Place of Accident, Incident or Transaction: 700 block of East Clearfield Street, Philadelphia, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: 18-CR-592     Judge: Mitchell S. Goldberg     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [✓] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/06/2019     _____     86574
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*
  1. Indemnity Contract, Marine Contract, and All Other Contracts
  2. FELA
  3. Jones Act-Personal Injury
  4. Antitrust
  5. Patent
  6. Labor-Management Relations
  7. Civil Rights
  8. Habeas Corpus
  9. Securities Act(s) Cases
  10. Social Security Review Cases
  [✓] 11. All other Federal Question Cases
      *(Please specify):* Civil Asset Forfeiture under 21 USC 881(a)

B.  *Diversity Jurisdiction Cases:*
  1. Insurance Contract and Other Contracts
  2. Airplane Personal Injury
  3. Assault, Defamation
  4. Marine Personal Injury
  5. Motor Vehicle Personal Injury
  6. Other Personal Injury *(Please specify):* _____
  7. Products Liability
  8. Products Liability – Asbestos
  9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Elizabeth M. Ray, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 08/06/2019     *[signature: Elizabeth M. Ray]*     86574
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

FILED AUG 06 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| $11,045.00 IN UNITED STATES CURRENCY | : | NO. 19-CV- 19-3552 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 08/6/2019 | Elizabeth M. Ray | United States of America |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-8200 | (215) 861-8618 | elizabeth.ray@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FILED AUG 05 2019

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 19-CV-__19-3552__ |
| **ELEVEN THOUSAND FORTY-FIVE DOLLARS IN UNITED STATES CURRENCY ($11,045.00),** | : : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Elizabeth M. Ray, Assistant United States Attorney, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, for its complaint alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn, to the use and benefit of the United States, Eleven Thousand Forty-Five Dollars ($11,045.00) in United States Currency ("Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, and proceeds traceable to such exchanges, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title II.

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), and 28 U.S.C. § 1395(a) and (b), because a civil proceeding for the forfeiture of property may be prosecuted in any district where the acts giving rise to forfeiture occurred, the action accrues, the defendant is found, or such property is found.

## THE DEFENDANT IN REM

5. The Defendant Currency is Eleven Thousand Forty-Five Dollars ($11,045.00) in United States currency that law enforcement officials seized on or about August 27, 2018. The Defendant Currency is currently in the custody of the Philadelphia Police Department and will be within the jurisdiction of this Court during the pendency of this action.

## BASIS FOR FORFEITURE

6. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; proceeds traceable to such an

exchange; or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS SUPPORTING FORFEITURE

7. Law enforcement officers seized the Defendant Currency on or about August 27, 2018, following a car stop on the 700 block of East Clearfield Street, Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania.

8. The Defendant Currency was in the custody, possession, and control of Luis Figueroa ("Figueroa").

9. At approximately 8:00 p.m., on or about August 27, 2018, Philadelphia Police Department ("PPD") officers were on routine patrol in the area of Weymouth Street and Allegheny Avenue, in Philadelphia, Pennsylvania. Upon entering the 3100 block of Weymouth Street, police officers heard an unidentified male yell "Police! Police!"

10. Immediately thereafter, police officers observed a male, later identified as Figueroa, look in the direction of the officers and run from a house towards a white Honda Civic, bearing Pennsylvania license plate number KNK-6468, while holding his waistband. Figueroa was further observed removing a black plastic bag from his waistband before entering the rear seat of the white Honda Civic.

11. A short while later, PPD officers stopped the white Honda Civic on the 700 block of East Clearfield Street, Philadelphia, Pennsylvania, for further investigation.

12. When police officers approached the white Honda Civic, they observed Figueroa who was seated in the rear seat directly behind the driver, attempting to conceal a dark colored object behind the driver's seat of the vehicle. While in the vehicle, Figueroa ignored

several verbal commands from officers to show his hands so the officers removed Figueroa from the vehicle and detained him for safety reasons.

13. Figueroa attempted to conceal behind the driver's seat of the white Honda Civic, the same black plastic bag Figueroa was observed removing from his waistband when officers first observed him on the 3100 block of Weymouth Street. Upon further inspection, officers determined that this black plastic bag contained a large, unidentified amount of United States currency that was bundled with rubber bands.

14. A short while later, while detained for safety reasons, police officers questioned Figueroa regarding the currency that had been found in the black plastic bag. Figueroa provided inconsistent explanations regarding the source and purpose of the funds. When initially asked about the money, Figueroa said it was "Nothing." When asked what the money was for, he said he was going to buy a car around 2nd and Howard Streets, even though Figueroa did not have identification on him and the driver of the Honda Civic claimed to be taking Figueroa to a different location. Figueroa then claimed that the money was from his work as a hotel maintenance man. Figueroa could not corroborate either of these explanations.

15. The white Honda Civic was operating as a ride-share "taxi" and the front passenger was the driver's boyfriend. Neither the driver nor her boyfriend had a personal relationship with Figueroa.

16. While Figueroa was detained for safety reasons, and after removal of the black plastic bag with the currency from the Honda Civic, a K-9 Unit was called to scan the vehicle for the presence of narcotics. The canine did not alert to the presence of narcotics so the ride-share "taxi" was released from the scene. Figueroa and the currency were then transported to the police department precinct headquarters for further investigation.

17. At the police department, Figueroa was questioned by other PPD officers regarding the nature and source of the currency. He made additional inconsistent claims, including: "I was given the money to hold for my friend Jose [unknown last name]"; "I had the money to buy a car"; and "It's my tax return." Figueroa was again unable to corroborate any of these other explanations for the source and purpose of the currency.

18. At the police department, later on or about August 27, 2018, PPD Officer Maureen Snyder and her partner, JoJo, a police department canine who was trained and certified in detecting the odor of illegal narcotics by scent, responded to scan the seized currency. JoJo signaled, through a distinctive set of behavior, that she detected a controlled substance on the currency found in the black plastic bag.

19. JoJo received her narcotics detection certification on March 20, 2015. JoJo has continued to receive, comply with, and meet all training requirements for PPD narcotics-detection canines.

20. On or about September 26, 2018, law enforcement officials conducted an Ion Scan of the currency that had been found in the black plastic bag. It indicated positive for cocaine and tetrahydrocannabinol (THC).

21. A currency count of the Defendant Currency was performed, which revealed a total currency count of $11,045.00, comprising seven $100 bills ($700), three $50 bills ($150), 285 $20 bills ($5,700), 237 $10 bills ($2,370), 275 $5 bills ($1,375), and 750 $1 bills ($750). The Defendant Currency includes $9,993.00 found in the black plastic bag, as well as an additional $1,052.00 that was found on Figueroa's person, on or about August 27, 2018.

22. Figueroa has eight prior arrests for narcotics violations during the period from 2007 through 2018. For example, on July 26, 2018, Figueroa was arrested for selling

heroin on the 3100 block of Weymouth Street; on September 6, 2017, Figueroa was arrested for selling heroin; and on October 26, 2016, Figueroa was arrested for manufacturing, delivering and possessing heroin on the 3100 block of Weymouth Street.

23. Police officers observed Figueroa engaging in suspected narcotics dealing activities twice in the same area where he was first observed in this action, *i.e.*, 3100 block of Weymouth Street, prior to the seizure of the Defendant Currency, that is, in July 2018, approximately 30 days prior to his encounter with officers in this case, and in October 2016. He was also subsequently indicted for a narcotics offense that also occurred on the 3100 block of Weymouth Street in October 2018.

24. On June 12, 2019, Figueroa pleaded guilty to the charges in the indictment that related to the October 2018 offense.

25. Pursuant to his plea agreement, Figueroa agreed not to contest forfeiture of the Defendant Currency.

26. Packaging large amounts of currency, wrapped in large, specific denominations with rubber bands, is consistent with the practices of drug couriers.

## **CLAIM FOR FORFEITURE**

27. Pursuant to 21 U.S.C. § 881(a)(6), "[a]ll moneys, . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . ., all proceeds traceable to such an exchange, and all moneys, . . . . used or intended to be used to facilitate any violation [of the Controlled Substances Act]" are "subject to forfeiture to the United States."

28. By reasons of the foregoing, there is reason to believe that the Defendant Currency constitutes money furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used and intended to be used to

facilitate a violation of the Controlled Substance Act, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff, United States of America, requests:

1. The Defendant Currency be proceeded against according to the law and the rules of this Court, and that due notice be given to all the interested parties to appear and show cause why forfeiture should not be decreed.

2. The Court, for the reasons set forth herein, adjudges and decrees that the Defendant Currency be forfeited to the United States of America and disposed of in accordance with existing laws, together with costs, and for such other relief as this Court deems proper and just.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and
Financial Litigation Section

*[signature]*
ELIZABETH M. RAY
Assistant United States Attorney

Date: August 6, 2019.

## **V E R I F I C A T I O N**

Christopher D. Coral, being of legal age, verifies and, pursuant to 28 U.S.C. § 1746(2), declares and states as follows:

1. I am a Special Agent for the Drug Enforcement Administration that was assigned to the investigation in this case.

2. I have reviewed the foregoing Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

3. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a special agent.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2019 at Philadelphia, Pennsylvania.

CHRISTOPHER D. CORAL
Special Agent
Drug Enforcement Administration

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | No. 19-CV-_____ |
| **ELEVEN THOUSAND FORTY-FIVE DOLLARS IN UNITED STATES CURRENCY ($11,045.00),** | : : : | |
| **Defendant.** | : | |

## DECLARATION

CHRISTOPHER D. CORAL, being of legal age, verifies and, pursuant to 28 U.S.C. § 1746(2), declares and states as follows:

## INTRODUCTION

1. I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration ("DEA"). As a Special Agent, I am authorized to conduct investigations and make arrests concerning violations of the federal narcotics laws, as set forth in Title 21 of the United States Code. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General. I have been employed with the DEA since November of 2016. I am currently assigned to the DEA Philadelphia Field Division Task Force Group 23, which is composed of special agents and local law enforcement officers investigating illegal narcotics trafficking. I have received specialized training from the DEA Academy located in Quantico, Virginia regarding the investigation and identification of

narcotics traffickers. I have also participated in investigations of unlawful drug distribution and have conducted and participated in surveillance, undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefings of informants and reviews of taped conversations and drug records. Before joining the DEA, I was previously employed by the Maryland State Police for approximately five years as a Trooper First Class. As a Maryland State Trooper, I investigated and made numerous weapons and drug-related arrests. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs.

2. I am the DEA Special Agent that is assigned to the investigation in this case.

3. The facts set forth in this Declaration summarize my investigation in this case, and include observations, along with review of reports and observations of other law enforcement officers involved in the investigation. This Declaration, however, does not detail the entire scope of the investigation or all statements made by the parties.

4. Based on my training an experience, I know that drug couriers carry not only narcotics, but also such items as large amounts of United States currency. I also know that drug couriers will secure currency with items such as plastic wrap and/or rubber bands.

**FACTUAL BACKGROUND**

5. Law enforcement officers seized $11,045.00 in United States currency on or about August 27, 2018, following a car stop on the 700 block of East Clearfield Street, Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania.

6. The $11,045.00 in United States currency was in the custody, possession, and control of Luis Figueroa ("Figueroa").

7.      At approximately 8:00 p.m., on or about August 27, 2018, Philadelphia Police Department ("PPD") officers were on routine patrol in the area of Weymouth Street and Allegheny Avenue, in Philadelphia, Pennsylvania. Upon entering the 3100 block of Weymouth Street, police officers heard an unidentified male yell "Police! Police!"

8.      Immediately thereafter, police officers observed a male, later identified as Figueroa, look in the direction of the officers and run from a house towards a white Honda Civic, bearing Pennsylvania license plate number KNK-6468, while holding his waistband. Figueroa was further observed removing a black plastic bag from his waistband before entering the rear seat of the white Honda Civic.

9.      A short while later, PPD officers stopped the white Honda Civic on the 700 block of East Clearfield Street, Philadelphia, Pennsylvania, for further investigation.

10.     When police officers approached the white Honda Civic, they observed Figueroa who was seated in the rear seat directly behind the driver, attempting to conceal a dark colored object behind the driver's seat of the vehicle. While in the vehicle, Figueroa ignored several verbal commands from officers to show his hands so the officers removed Figueroa from the vehicle and detained him for safety reasons.

11.     Figueroa attempted to conceal behind the driver's seat of the white Honda Civic, the same black plastic bag that he was observed removing from his waistband when officers first observed him on the 3100 block of Weymouth Street. Upon further inspection, officers determined that this black plastic bag contained a large, unidentified amount of United States currency that was bundled with rubber bands.

12.     A short while later, while detained for safety reasons, police officers questioned Figueroa regarding the currency that had been found in the black plastic bag.

Figueroa provided inconsistent explanations regarding the source and purpose of the funds. When initially asked about the money, Figueroa said it was "Nothing." When asked what the money was for, he said he was going to buy a car around 2nd and Howard Streets, even though Figueroa did not have identification on him and the driver of the Honda Civic claimed to be taking Figueroa to a different location. Figueroa then claimed that the money was from his work as a hotel maintenance man. Figueroa could not corroborate either of these explanations.

13. The white Honda Civic was operating as a ride-share "taxi" and the front passenger was the driver's boyfriend. Neither the driver nor her boyfriend had a personal relationship with Figueroa.

14. While Figueroa was detained for safety reasons, and after removal of the black plastic bag with the currency from the Honda Civic, a K-9 Unit was called to scan the vehicle for the presence of narcotics. The canine did not alert to the presence of narcotics so the ride-share "taxi" was released from the scene. Figueroa and the currency were then transported to the police department precinct headquarters for further investigation.

15. At the police department, Figueroa was questioned by other PPD officers regarding the nature and source of the currency. He made additional inconsistent claims, including: "I was given the money to hold for my friend Jose [unknown last name]"; "I had the money to buy a car"; and "It's my tax return." Figueroa was again unable to corroborate any of these other explanations for the source and purpose of the currency.

16. At the police department, later on or about August 27, 2018, PPD Officer Maureen Snyder and her partner, JoJo, a police department canine who was trained and certified in detecting the odor of illegal narcotics by scent, responded to scan the seized currency. JoJo

signaled, through a distinctive set of behavior, that she detected a controlled substance on the currency found in the black plastic bag.

17. JoJo received her narcotics detection certification on March 20, 2015. JoJo has continued to receive, comply with, and meet all training requirements for PPD narcotics-detection canines.

18. On or about September 26, 2018, law enforcement officials conducted an Ion Scan of the currency that had been found in the black plastic bag. It indicated positive for cocaine and tetrahydrocannabinol (THC).

19. A currency count was performed, which revealed a total currency count of $11,045.00, comprising seven $100 bills ($700), three $50 bills ($150), 285 $20 bills ($5,700), 237 $10 bills ($2,370), 275 $5 bills ($1,375), and 750 $1 bills ($750). The $11,045.00 in United States currency seized on or about August 27, 2018, includes $9,993.00 found in the black plastic bag, as well as an additional $1,052.00 that was found on Figueroa's person.

20. Figueroa has eight prior arrests for narcotics violations during the period from 2007 through 2018. For example, on July 26, 2018, Figueroa was arrested for selling heroin on the 3100 block of Weymouth Street; on September 6, 2017, Figueroa was arrested for selling heroin; and on October 26, 2016, Figueroa was arrested for manufacturing, delivering and possessing heroin on the 3100 block of Weymouth Street.

21. Police officers observed Figueroa engaging in suspected narcotics dealing activities twice in the same area where he was first observed in this action, *i.e.*, 3100 block of Weymouth Street, prior to the seizure of the $11,045, that is, in July 2018, approximately 30 days prior to his encounter with officers in this case, and in October 2016. He was also

subsequently indicted for a narcotics offense that also occurred on the 3100 block of Weymouth Street in October 2018.

22. On June 12, 2019, Figueroa pleaded guilty to the charges in the indictment that related to the October 2018 offense.

23. Pursuant to his plea agreement, Figueroa agreed not to contest forfeiture of the $11,045.00 in United States currency that was seized from him on or about August 27, 2018.

24. Based on my knowledge, training, and experience, packaging large amounts of currency, wrapped in large, specific denominations with rubber bands, is consistent with the practices of drug couriers.

## CONCLUSION

25. Based on the foregoing, there is reason to believe that the $11,045.00 seized from Luis Figueroa constitutes money furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used and intended to be used to facilitate a violation of the Controlled Substance Act, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2019 at Philadelphia, Pennsylvania

CHRISTOPHER D. CORAL
Special Agent
Drug Enforcement Administration